UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>OWEN HUGHES,<br><br>            Defendant. | No.  2:20-cv-00321-JAM-KJN<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
|---|---|

This matter is before the Court on Owen Hughes' ("Defendant") Motion to Dismiss for failure to plead with particularity and failure to state a claim upon which relief can be granted. Mot., ECF No. 6.  The Government filed an opposition to Defendant's motion. Opp'n, ECF No. 8.  Defendant did not reply.  After consideration of the parties' briefing on the motion and relevant legal authority, the Court DENIES Defendant's Motion to Dismiss.[1]

I.   BACKGROUND

On February 11, 2020, the Government filed suit against Defendant to recover treble damages and civil penalties under

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 5, 2020.

1

the False Claims Act, 31 U.S.C. §§ 3729-3733.  <u>See</u> Compl., ECF No. 1.  Defendant was the sole proprietor of Eon Research Corporation ("Eon"), a for-profit biotechnology research company.  Compl. ¶ 2.  On September 5, 2008, Defendant received a Small Business Innovation Research ("SBIR") grant of $815,215 from the Hazardous Substance Response Trust Fund ("Superfund").  Compl. ¶ 16.  The grant's terms and conditions require that Defendant implement certain financial management policies and standards.  Compl. ¶ 3.  Defendant represented the funds would be safeguarded and used for proper purposes, in accordance with the terms and conditions.  <u>Id.</u>  But the Government alleges Defendant failed to comply with any of the required financial management policies and standards.  <u>Id.</u>

## II.   OPINION

### A.   <u>Legal Standard</u>

A Rule 12(b)(6) motion attacks the complaint as not alleging sufficient facts to state a claim for relief.  "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relied that is plausible on its face."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) (internal quotation marks and citation omitted).  While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  <u>Id.</u> at 678.

However, a claim brought under the False Claims Act is subject to the heightened pleading standards of Rule 9(b).  Rule 9(b) requires a party to "state with particularity the

circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The "who, what, when, where and how of the misconduct charged" must be stated with particularity. Ebeid ex rel. U.S. v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks and citation omitted). But all "other facts may be plead generally, or in accordance with Rule 8." United States ex rel. Lee v. Corinthian Colls., 655 F.3d 984, 991 (9th Cir. 2011). Including "malice, intent, knowledge, and other conditions of a person's mind . . . ." Fed. R. Civ. P. 9(b).

    B.   Analysis

        1.   False Claims Act

The Government brings its first two claims against Defendant under the False Claims Act, 31 U.S.C. § 3729(a)(1)(A)-(B). Compl. ¶¶ 54-60. The False Claims Act imposes liability on anyone who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A)-(B).

The complaint sets forth the occasions on which Defendant represented Eon would comply with the grant's terms and conditions. See, e.g., Compl. ¶¶ 13-15, 17, 29. The complaint alleges that each time Defendant agreed to comply over the period of time that Eon received grant funds, he did so knowing Eon would not, in fact, comply. See Compl. ¶¶ 36, 42-43, 48. Moreover, the complaint describes the failures of Eon's financial management systems, procedures, and accounting records, and cites to specific examples of Eon's financial

3

management failures. See Compl. ¶¶ 37-59.

Thus, the complaint provides the "who, what, when, where, and how" Defendant's false claims occurred. See Ebeid, 616 F.3d at 998. Accordingly, the Court finds the Government's complaint contains sufficient detail to put Defendant on notice "of the particular misconduct which is alleged to constitute the fraud charge so that [he] can defend against the charge and not just deny that [he has] done anything wrong." United States ex rel. Swoben v. United Healthcare Ins. Co., 848 F.3d 1161, 1180 (9th Cir. 2016) (internal quotation marks and citation omitted).

### 2. Common Law Claims

The Government's final two claims against Defendant are for unjust enrichment and payment by mistake. These claims are viable under California law. See Astiana v. The Hain Celestial Group, Inc., 783 F.3d 753, 762-63 (9th Cir. 2015). And the Government has not asserted that the grant was a binding contract, thus, claims under quasi-contract theories are not invalid at this stage.

### III. ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion to Dismiss. Defendant shall file his answer to the complaint within twenty days of the date of this Order.

IT IS SO ORDERED.

Dated: May 14, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4